IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCC MANAGEMENT OF NAPLES, INC.; et al., | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 2:07-cv-387-FtM-29SPC (For a case pending in the Middle District of Florida) |
| v. | ) ) | |
| ARNOLD & PORTER, LLP; et al., | ) ) | |
| Defendants. | ) ) | |
| MCC MANAGEMENT OF NAPLES, INC.; et al., | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 2:07-cv-420-FtM-29DNF (For a case pending in the Middle District of Florida) |
| v. | ) ) | |
| ARNOLD & PORTER, LLP; et al., | ) ) | **CASE NO. _____** |
| Defendants. | ) | |

## MOTION OF NON-PARTIES INTERNATIONAL BANCSHARES CORPORATION AND INTERNATIONAL BANK OF COMMERCE TO QUASH SUBPOENAS ISSUED TO MICHAEL R. FORD AND TOM TRAVIS FOR MAY 19 AND 20, 2010

COME NOW International Bancshares Corporation and International Bank of

Commerce (collectively "IBC"), non-parties to this action, and respectfully move for an

Order quashing, in their entirety, the Subpoenas issued to Michael R. Ford and Tom Travis

by Plaintiffs MCC Management of Naples, Inc., BGC II Management of Naples, Inc., Miles

C. Collier and Barron G. Collier II (hereinafter referred to as "Plaintiffs").

# I.  <u>INTRODUCTION</u>

Plaintiffs, through their attorneys, have issued two (2) Subpoenas to Michael R. Ford and Tom Travis (attached hereto as Exhibits 1 and 2, respectively) requesting their depositions on May 19, 2010 and May 20, 2010, respectively.  The Subpoenas were served on April 16, 2010, and April 21, 2010.

These Subpoenas are issued out of a Florida case involving the Plaintiffs and the law firm of Arnold & Porter.  That case is styled, *MCC Management of Naples, Inc., et al. v. Arnold & Porter, LLP, et al.*, 2:07-cv-387-FtM-29SPC and 2:07-cv-420-FtM-29DNF (hereinafter the "Florida Case").  A complete understanding of the procedural history of that case and of *MCC Management of Naples, Inc., et al. v. International Bancshares Corporation, et ano*, CIV-06-1345-M (hereinafter the "Oklahoma Case"), is necessary to understand the reasons why IBC is moving to quash the Subpoenas.  Originally, IBC was sued in the Florida Case along with Arnold & Porter and others.  After filing a motion to dismiss or in the alternative to transfer the action against IBC to Oklahoma, the District Judge in Florida transferred the case, as against IBC, to Oklahoma.  Once the case was transferred to Oklahoma, the parties were realigned and it resulted in the case number CIV-06-1345-M.

Following the transfer of the case against IBC to Oklahoma, discovery preceded in both the Florida Case against Arnold & Porter and the Oklahoma Case against IBC.  In addition to the depositions proceeding on dual tracks, Mr. Ford was required to give his deposition in both the Florida Case and the Oklahoma Case.  Tom Travis has given his

deposition in the Oklahoma Case but he has also testified live at trial in the Oklahoma Case.

Mr. Ford has likewise testified live at trial in the Oklahoma Case.  The Oklahoma Case has

been tried to verdict and post trial motions are currently pending.

With regard to the depositions, Mr. Ford was deposed in the Oklahoma Case on

October 5, 2009 for 4.6 hours.  His deposition was continued until December 22, 2009,

where he was again deposed for another 1.8 hours.  Mr. Ford then testified live at trial in the

Oklahoma Case on the afternoon of February 23rd and the morning of February 24, 2010.

With respect to Mr. Ford's Florida deposition, he was deposed on August 19, 2009, by the

Plaintiffs in the Florida Case for approximately 3.25 hours.  He was then deposed by the

Defendants for approximately 2 hours.  Mr. Ford has been deposed in excess of 7 hours in

cases involving substantially similar issues.  The Plaintiffs are of the opinion that they are

entitled to a full 7 hours for their own questioning, not including the Defendants.  Thus the

instant Subpoena designating him for deposition on May 19, 2010.  IBC requests that

Mr. Ford's deposition should be a total of seven hours for both the Plaintiffs and the

Defendants.

Mr. Travis was deposed on December 8, 2009, for a total of 362 minutes (or 6.03

hours).  He also testified live in the Oklahoma trial on the afternoon of February 26, 2010 and

the morning of March 1, 2010.  Mr. Travis has not yet given his deposition in the Florida

Case.  However, he has given an extensive deposition in the Oklahoma Case and has testified

live at trial.  IBC requests that his deposition not be taken at all or be limited to 7 hours for

both the Plaintiffs and Defendants to split the time equally.

Because of the extensive testimony provided by Mr. Ford and Mr. Travis, it does not appear that their deposition is necessary for the Plaintiffs to prepare their case against Arnold & Porter in the Florida Case.  Indeed, their actions in seeking to take the depositions of Mr. Ford and Mr. Travis are for purposes of harassment and annoyance.

## II.  ARGUMENT AND AUTHORITIES

Rule 30(d)(1) of the Federal Rules of Civil Procedure provides for a presumptive limit of 7 hours for the duration of a deposition.  "Rule 30 simply provides a default rule, applicable across the run of all sorts of depositions in all sorts of cases, that applies absent stipulation or court order."  *Arista Records LLC v. Lime Group LLC*, 2008 WL 1752254 at *1 (S.D.N.Y. Apr. 16, 2008).  In considering altering the length of a deposition, the Court should consider the following factors:

> (i)     The discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome or less expensive;
>
> (ii)    The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)   The burden or expense of the proposed discovery outweighs its likely benefits, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*See* Rule 26(b)(2)(C).  The factors in this case weigh clearly in favor of an order prohibiting the continued deposition of Michael Ford or Tom Travis.  These individuals have provided depositions and trial testimony about the matters that are the subject of the Plaintiffs' claims

4

in Florida. Requiring them to give a lengthy deposition in addition to the trial testimony already provided is unduly burdensome and is merely a tactic to harass and annoy IBC, its employees and its counsel.

When faced with similar situations, courts have limited the scope and frequency of depositions in order to prevent abuse of the discovery process. For example, in *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2,* 197 F.3d 922 (8th Cir. 1999), West Publishing Company ("West") faced actions in both Colorado and Florida where former employees alleged violations of Title VII and the Equal Pay Act. *Id.* At 924. The plaintiffs in the Florida action, who were represented by the same attorney as the plaintiff in the Colorado action, sought to depose West's former CEO who had already been deposed for over 9 hours in the Colorado action. *Id.* The trial court granted the CEO's motion to quash, holding that another deposition would constitute an undue burden on the CEO. *Id.* at 924. The court also stated that plaintiffs' counsel had the opportunity to ask questions concerning the issues in the Florida Case during the prior deposition, but did not do so. *Id.* at 926. The Eighth Circuit upheld the motion to quash, finding that the plaintiffs "did not fulfill their duty under Rule 45 to 'take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.'" *Id.* at 927. *See also Delcath Systems, Inc. v. Enney*, 2006 WL 2864702 (D. Conn. Oct. 5, 2006) (granting plaintiff's motion to dismiss because of a related action in a different jurisdiction, but held that plaintiff could not re-depose the defendant in the related action regarding the same topics on which she was previously deposed); *Fleet Business Credit, LLC v. Solarcom, LLC, et al.,* 2005 WL 1025799

(D. Md. May 2, 2005) (cautioning that with two interrelated actions pending in two different federal district courts, the potential for overreaching during discovery was manifest, and holding the primary witness in the two related actions could only be subject to a single deposition in both actions).

As was the case in *Miscellaneous Docket Matter,* further depositions of Mr. Ford and Mr. Travis in this case would constitute an undue burden. Plaintiffs have deposed Mr. Ford twice, Mr. Travis once (for almost 7 hours), and both of them testified live in the Oklahoma Case. Plaintiffs had multiple opportunities to examine these individuals on the issues present in the Florida Case. Federal Rule of Civil Procedure 45(c)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." If there are issues relevant to the Florida Case that Plaintiffs have still not inquired about, Plaintiffs have failed to fulfill their duty under Rule 45, much like the plaintiffs in *Miscellaneous Docket Matter*. If, on the other hand, Plaintiffs' intent to depose Mr. Ford and Mr. Travis regarding issues on which they have previously given testimony, the further depositions would be "unreasonably cumulative or duplicative," which is prohibited by Rule 26(b)(2)(C). In either scenario, additional depositions of Mr. Ford and Mr. Travis are inappropriate and IBC's motion to quash should be granted in order to prevent undue burden, annoyance, and harassment.

Moreover, even in situations where witnesses are allowed to be deposed more than once, courts often limit the length and scope of the additional deposition. *See, i.e.*, *Schwarz*

*& Schwarz of Virginia, L.L.C. v. Certain Underwriters at Lloyd's*, 2009 WL 1913234 (W.D. Va. July 1, 2009) (allowing the supplemental deposition of a key fact witness because of the complexity of the subject at issue, but limiting the deposition to two hours, prohibiting inquiry into issues covered in the previous deposition, and ordering the deposing party to pay the witnesses expenses associates with attending another deposition, including attorney fees); *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4833023 (E.D. La., July 2, 2008) (allowing a party to conduct a second 30(b)(6) deposition, but limiting the questions to topics not addressed in the first deposition);   *Edsall v. CSX Transp.*, Inc., 2007 WL 1385386 (N.D. Ind. May 8, 2007) (allowing second deposition of the plaintiff because the defendant obtained new medical records since the first deposition, but limiting the supplemental deposition to one and a half hours and topics not covered in the previous deposition).   Accordingly, if Plaintiffs are allowed to further depose either Mr. Ford or Mr. Travis, the Court should restrict the depositions to subjects not covered by their previous testimony and impose a reasonable time limit.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, non-parties International Bancshares Corporation and International Bank of Commerce respectfully request that this Court enter an Order quashing the Subpoenas issued to Michael R. Ford and Tom Travis, or in the alternative limiting the time in which these individuals can be deposed to a total of 7 hours, with the Plaintiffs and Defendants in the Florida Case splitting their time equally.

## IV.  RULE 37 CERTIFICATION

Counsel for the Plaintiffs and counsel for IBC conferred via telephone regarding Plaintiffs' Subpoenas and were unable to resolve the instant dispute.  Counsel for the Plaintiffs reside in Florida.  As a consequence, a face-to-face meeting was not possible.

s/ Kevin R. Donelson
Terry W. Tippens, OBA No. 9027
Steve Stephens, OBA No. 10479
Kevin R. Donelson, OBA No. 12647
Jay P. Walters, OBA No. 17364
A. Elizabeth Davies, OBA No. 20887
FELLERS, SNIDER, BLANKENSHIP,
     BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK   73102-8820
Telephone:   (405) 232-0621
Facsimile:   (405) 232-9659
Email:       ttippens@fellerssnider.com
             sstephens@fellerssnider.com
             kdonelson@fellerssnider.com
             jwalters@fellerssnider.com
             ldavies@fellerssnider.com

***Attorneys for Non-Parties International Bancshares Corporation and International Bank of Commerce***

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2010, I sent the attached document by email and U.S. Mail to the following counsel of record:

Terry A. Moore, Esq.
Jacqueline Bollas Caldwell, Esq.
Krugliak, Wilkins, Griffith & Dougherty
P. O. Box 36963
Canton, OH 44735-6963

Carl Joseph Coleman, Esq.
David C. Potter, Esq.
Fowler White Boggs, P.A.
P. O. Box 1567
Fort Myers, FL 33901

Richard H. Critchlow, Esq.
Elizabeth B. Honkonen, Esq.
Kenny Nachwalter, PA
201 S. Biscayne Blvd., Ste. 1100
Miami, FL 33131-4327

Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
Sarasota, FL 34236

s/ Kevin R. Donelson
Kevin R. Donelson

525403.2/32091