# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MCC MANAGEMENT OF NAPLES, INC., )
et al., )
                                              )
                Plaintiffs, )
                                              )
v. )    Case No. CIV-10-433-M
                                              )
ARNOLD & PORTER, LLP, et al., )
                                              )
                Defendants. )

## ORDER

Before the Court is the Motion of Non-Parties International Bancshares Corporation and International Bank of Commerce (collectively "IBC") to Quash Subpoenas Issued to Michael R. Ford and Tom Travis for May 19 and 20, 2010 [docket no. 1], filed April 28, 2010. On May 4, 2010, plaintiffs MCC Management of Naples, Inc., BGC II Management of Naples, Inc., Baron G. Collier, II and Miles C. Collier (collectively "the Colliers") filed their response, and on May 11, 2010, IBC filed their reply. Based upon the parties' submissions, the Court makes its determination.[1] In a case pending in the United States District Court for the Middle District of Florida against Arnold & Porter and others ("Florida Case"), the Colliers issued two subpoenas to secure the attendance of Michael R. Ford ("Ford") and Tom Travis ("Travis") at depositions being taken in Oklahoma. Ford is a partner at the law firm of Fellers Snider Blankenship & Tippens, P.C. Travis is the Chief Executive Officer ("CEO") of IBC's Oklahoma operations. The Colliers, the same plaintiffs in the Florida Case, recently completed an approximately three-and-a-half week jury trial before this Court in a related case against IBC ("Oklahoma Case"). While neither party

---

[1] The parties have also filed a motion to stay the depositions which are the subject of this motion to quash. Because the Court now adjudicates the underlying motion to quash, the Court DENIES as MOOT the motion to stay [docket no. 4].

disputes Ford and Travis are material witnesses in both the Florida Case and the Oklahoma Case, IBC now moves to quash the two subpoenas.

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...". Fed. R. Civ. P. 26(b)(1). The Rules also allow parties to subpoena non-parties to attend a deposition. Fed. R. Civ. P. 45(a)(1)(B). Furthermore, the Rules provide limited bases upon which a motion to quash may be premised. Fed. R. Civ. P. 45(c)(3). Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena must comply with it. *Id*. "A party seeking to quash a [subpoena] has a particularly heavy burden as contrasted to a party seeking only limited protection." *In re Coordinated Pretrial Proceedings In Petroleum Prod. Antitrust Litig. v. Kerr-McGee Corp.*, 669 F.2d 620, 623 (10th Cir. 1982).

With regard to the depositions, Ford previously was required to give his deposition in both the Florida Case and the Oklahoma Case. Ford gave 6.4 hours of deposition testimony in the Oklahoma Case and testified live on two trial days. As related to the Florida Case, Ford was deposed for approximately 5.25 hours and of this time, the Colliers deposed Ford for approximately 3.25 hours. With regard to Travis, he was deposed in the Oklahoma Case for approximately 6 hours and testified live on two trial days. Travis has not given a deposition in the Florida Case.

The Colliers assert the following facts in support of the taking of Ford's and Travis' deposition in the Florida Case: (1) the recent production by one of the Arnold & Porter defendants' expert witnesses of a document which had previously not been provided to the Colliers despite having been requested; (2) admissions by certain of IBC's witnesses in the Oklahoma Case; and (3)

inconsistencies in the testimony of Ford between his Oklahoma deposition and his live testimony in the Oklahoma Case.

IBC asserts the subpoenas should be quashed on the following bases: (1) the depositions and live testimony from both Ford and Travis in the Oklahoma Case can be utilized for the Florida Case; (2) Ford has given a deposition in the Florida Case; and (3) the requested depositions constitute an undue burden and serve as annoyance and harassment. Alternatively, if the Colliers are allowed to further depose either Ford or Travis, IBC requests the Court restrict the depositions to subjects not covered by their previous testimony and impose a reasonable time limit.

The Colliers counter IBC's assertion that the subpoenas should be quashed based upon the testimony of Ford and Travis in the Oklahoma Case. Specifically, the Colliers assert they will be able to use testimony from the Oklahoma Case (both deposition and trial testimony) only to impeach live witnesses in the Florida Case and not for any substantive purpose because former testimony is hearsay and, therefore, not admissible.[2] Furthermore, the Colliers contend that multiple witnesses were deposed in both the Oklahoma Case and the Florida Case, and as the parties have not agreed that testimony from one case can be used interchangeably in the other case, there is no undue burden. Because a number of issues in the Florida Case were not part of the Oklahoma Case, the Colliers also assert that the prejudice of not being able to depose Ford and Travis in the Florida Case outweighs any burden to Ford and Travis.

---

[2] Federal Rule of Evidence 804(b)(1) excepts former testimony from the hearsay rule when the declarant is unavailable, *e.g.*, someone who is outside subpoena power of the Court, and "if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop testimony by direct, cross, or redirect examination."

3

In their Reply, IBC asserts that numerous witnesses including Ford testified live in the Oklahoma Case and were questioned *ad nauseum* about a myriad of issues directly relevant to the Florida Case. IBC also contends that Travis, as CEO of IBC's Oklahoma operations, has very limited, if any, involvement with Arnold & Porter. Furthermore, IBC argues that the Colliers are judicially estopped from relying upon inconsistent positions with respect to use of Oklahoma deposition or trial testimony. In its pleadings objecting to and appealing from the Bill of Costs in the Oklahoma Case, the Colliers argued that because IBC relied upon certain Florida depositions to impeach witnesses or as support in certain motions in the Oklahoma Case, IBC should be taxed for all costs incurred in taking such depositions and the Clerk agreed.

Rule 30(d)(1) of the Federal Rules of Civil Procedure provides for a presumptive limit of 7 hours for the duration of a deposition. In considering altering the length of a deposition, the Court should consider the following factors:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Applying these principles to this case, the Court finds that further depositions of both Ford and Travis should be allowed as related to the Florida Case. As Ford has already been subjected to 5.25 hours of deposition time in the Florida Case, the Court finds that an additional 1.75 hours of

4

deposition time, split evenly between the Colliers and the Arnold & Porter defendants, would not be unreasonably cumulative or duplicative and would not create an undue burden given the importance of the issues at stake in the Florida Case. Also critical to the Court's determination is that the parties had an agreement in principle that Ford should be further deposed although this agreement fell apart.

The Court further finds that Travis should be deposed for a total 3.5 hours, split evenly between the Colliers and the Arnold & Porter defendants, given Travis is a busy executive and appears to be limited in his knowledge of events in the Florida Case. On this basis, the Court finds the burden of a longer deposition period would outweigh its likely benefits. As Travis has already testified live and by deposition in the Oklahoma Case, the Court finds that any greater length of deposition testimony would be duplicative, cumulative and unduly burdensome.

Accordingly, the Court DENIES the motion to quash, LIMITS the deposition time to an additional 1.75 hours for Ford and a total of 3.5 hours for Travis.

**IT IS SO ORDERED this 13th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE